**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lance Kevin KOLESAR, Defendant–**
**Appellant.**

**No. 09–30238.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2010.

Filed March 3, 2010.

Paulette Lynn Stewart, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Michael Donahoe, Esquire, Assistant Federal Public Defender, Federal Defenders of Montana Helena Branch Office, Helena, MT, for Defendant–Appellant.

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Defendant Lance Kevin Kolesar appeals from the district court's June 8, 2009 order recommitting him to the custody of the Attorney General for the purpose of conducting a dangerousness evaluation pursuant to 18 U.S.C. § 4246(b). A magistrate judge had previously determined under § 4241(d) that Kolesar's condition had not so improved as to permit the proceedings to go forward and recommended that the district court find that he be subject to the provisions of § 4246.

The district court order from which Kolesar appeals is not an appealable order for the purposes of 28 U.S.C. § 1291. In *United States v. Ohnick*, 803 F.2d 1485 (9th Cir.1986), we held that "[o]nly after [a § 4246(a) ] dangerousness hearing does a commitment order under section 4246 become final. At that point, review is available under 28 U.S.C. § 1291." *Id.* at 1486.

Here, the director of the medical facility where Kolesar is hospitalized has already issued a dangerousness certificate as required by § 4246(a). Furthermore, the district court for the Western District of Missouri, the district where Kolesar is presently confined, has already held a § 4246(a) dangerousness hearing on which it has yet to rule. Thus, the Missouri district court's determination pursuant to that dangerousness hearing will be a final order from which Kolesar can appeal.

**DISMISSED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

RAWLINSON, Circuit Judge, concurring:

I concur in the determination that this case should be dismissed.